```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

|  |  |
|---|---|
| GARY VAUGHN, | : |
| Petitioner, | : Civil Action No. 14-6470 (RMB) |
| v. | : |
| WARDEN JORDAN HOLLINGSWORTH, | : **MEMORANDUM OPINION AND ORDER** |
| Respondent. | : |

**BUMB, District Judge**:

    This matter comes before this Court upon Petitioner's filing of a § 2241 petition.  See Docket Entry No. 1 ("Petition").  The Petition raises challenges to the sanctions imposed as a result of Petitioner's disciplinary hearing.  See id.

    Petitioner's allegations are scarce.  See, generally, id. Petitioner asserts that, on a certain unspecified date, when he was confined at Lisbon, Ohio, he suffered serious physical injuries upon being attacked by unspecified inmate(s).  See id. at 2, 3 and 6-7.  According to the Petition, Petitioner made certain physical movements during the attack because he was trying to defend himself from the punches.  See id.  After the incident, he was charged with an unspecified disciplinary infraction (which this Court presumes to be the prohibited act of "Fighting with Another Person") and had a disciplinary hearing based on that charge.  See id.  He maintains that, during the hearing, he testified that his physical movements were limited to those necessary to defend himself, and he was not the attacker.

See id. at 7.  He also asserts that the disciplinary hearing officer incorrectly recorded his statements as an admission that Petitioner partook in the altercation rather than merely made the movements needed to defend himself.  See id. at 7.

Being found guilty of the aforesaid disciplinary infraction, Petitioner was sanctioned; his sanctions included the loss of 27 days of good-conduct-time credits ("GCT"), as well as other sanctions not amenable to a challenge in this matter.  See id. at 2.  He asserts that he duly exhausted his administrative remedies at all levels of the Bureau of Prisons ("BOP"), and had his administrative appeals denied by each level of the BOP short of the Central Office, which failed to timely respond to his appeal hence ripening his claims for a § 2241 habeas review.  See id. at 3; see also 28 C.F.R. §§ 542.15(a) and 542.18.  At this juncture, Petitioner seeks restoration of his lost GCT credits and expungement of his prison record.  See Docket Entry No. 1, at 8.

The legal framework implicated by Petitioner's claims is well-established and was explained, in great detail, in Mitts v. Zickefoose, 869 F. Supp. 2d 568 (D.N.J. 2012).  There, an inmate raised an analogous claim by asserting that he was attacked by another prisoner, made only the physical movements necessary to defend himself, was charged with "Fighting with Another Person"

and was sanctioned to the loss of 27 days of GCT credit.[1]  As Petitioner here, the Mitts inmate sought restoration of his GCT credits and expungement of record.  See id.

The Mitts court clarified that the proper remedy with regard to a successful claim asserting an unconstitutional loss of GCT credits was an order directing a bona fide curative hearing free of the procedural errors that tainted the original hearing, while an order directing restoration of credits was an inappropriate remedy unless the inmate was denied a bona fide curative hearing. See id. at 575; see also Cannon v. Schultz, 2010 U.S. Dist. LEXIS 59468, at *30 (D.N.J. June 16, 2010).

The Mitts court also pointed out that the remedy of expungement, even if deemed available in habeas review, could be granted only if the curative hearing yields an acquittal, or if a bona fide curative hearing is denied.  See Mitts, 869 F. Supp. 2d at 578; see also Williams v. Fed. Bureau of Prisons, 85 F. App'x 299, 303 (3d Cir. 2004) (noting, without endorsement, the holding of in Paine v. Baker, 595 F.2d 197, 201 (4th Cir.1979), that "[i]n certain limited circumstances a claim of constitutional

---

[1] The sole difference between the allegations in Mitts and those at bar is that the Mitts inmate asserted that he was denied an opportunity to have a prison representative at his hearing, while Petitioner asserts that his testimony was incorrectly recorded as an admission that he partook in the altercation. Since both matters maintain that the hearing was tainted by a deficient process, Mitts is substantively indistinguishable from the case at bar for the purposes of this Court's due process analysis.

magnitude [might be] raised where a prisoner alleges (1) that [underlying factual] information is in his file, (2) that the information is [wholly] false, and (3) that it is relied upon [by an administrative body] to a constitutionally significant degree [and to the petitioner's detriment]"); accord Harris v. Ricci, 2014 U.S. Dist. LEXIS 94996, at *9, n.3 (D.N.J. July 14, 2014) (an expungement takes place automatically upon an acquittal, and a new habeas or mandamus action is the proper vehicle to enforce expungement in the event it did not take place automatically).

Finally, Mitts made it clear that a finding of guilt (as to the prohibited act of "Fighting with Another Person") violates the due process safeguards only if the disciplined inmate made no physical movements other than those needed to protect himself, e.g., if the inmate only covered himself/blocked the attacker's punches. See, generally, Mitts, 869 F. Supp. 2d 568. Conversely, if the inmate made offensive physical movements with an aim to assault his attacker, then the finding of "Fighting with Another Person" is proper, even if the inmate was not the instigator of the altercation. See id.

Correspondingly, this Court will direct Respondent to show cause as to why Petitioner's application for habeas relief (in the form of a bona fide curative hearing) should not be granted. Petitioner will be directed to file an affidavit averring that,

during the incident at issue, he did not make physical movements with an aim to assault his attacker.

IT IS, therefore, on this 24th day of November, 2014,

ORDERED that the Clerk shall serve the Petition and this Memorandum Opinion and Order upon the Office of the United States Attorney for the District of New Jersey.  Such service shall be executed by means of electronic delivery; and it is further

ORDERED that the Clerk shall serve the Petition and this Memorandum Opinion and Order upon Respondent by regular U.S. mail; and it is further

ORDERED that Respondent shall show cause, in writing, as to why Petitioner shall not be availed to a curative disciplinary hearing.  Respondent's written statement shall be filed within forty five days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that Respondents' written statement shall include all affirmative defenses and be accompanied by the relevant administrative record; and it is further

ORDERED that Respondent's written statement shall contain an index of exhibits.  That index shall refer to each exhibit docketed by Respondent and shall designate each exhibit by the docket entry made in the instant matter; and it is further

ORDERED that Respondent shall file his written statement and exhibits electronically.  No document shall be filed in hard copy

unless Respondent seeks and obtains this Court's order allowing Respondent hard copy filing; and it is further

ORDERED that Respondent shall serve his written statement and exhibits upon Petitioner and, upon so serving, file with the Clerk his certificate of service; and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and order, Petitioner shall file his affidavit clarifying whether, during the incident at issue, he did or did not make physical movements with an aim to assault his attacker; and it is finally

ORDERED that the Clerk shall serve this Order upon Petitioner by regular U.S. mail.

S/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**