**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

Gary Vaughn,

    Petitioner,

    v.

Warden Jordan Hollingsworth,

    Respondent.

Civil Action No. 14-6470(RMB)

**MEMORANDUM AND ORDER**

---

**BUMB**, District Judge

    This matter comes before the Court on Petitioner's motion for reconsideration (ECF No. 18) of this Court's opinion and order dismissing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Respondent's opposition brief (ECF No. 19.) "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel Lou-Ann Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). If a party establishes one of the following grounds, a judgment may be altered or amended on reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for

summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

The first two grounds do not apply here. The Court will, however, grant reconsideration to prevent manifest injustice. In support of his motion, Petitioner distinguishes Pittman v. Bledsoe, 442 F. App'x 639, 641 (3d Cir. 2011). In Pittman, the Third Circuit held that the DHO's refusal to permit a prisoner to watch a video of the incident that led to the disciplinary sanction did not violate the prisoner's right to due process. Id. However, as Petitioner noted, in Pittman the prisoner was represented by a staff representative who viewed the video prior to the hearing before the DHO. Id. at 641, n. 1.

Here, Petitioner signed a form waiving his right to a staff representative. However, before he did so, he asked a staff member who had watched the video, Burton, to act as his staff representative. Burton declined because he had served on the Unit Disciplinary Committee that considered Petitioner's incident report. Petitioner also requested several times to watch the video, and he was denied.

Although Petitioner should have requested a different staff representative before the hearing, he explained the situation to the DHO at the hearing, and the DHO tried to reach Burton. When

2

Burton could not be reached and Petitioner was not allowed to watch the video, presumably for security reasons, the DHO should have continued the hearing until another staff representative could be found to watch the video on Petitioner's behalf. Apart from Petitioner's testimony, the video was the only potentially exculpatory evidence.

A petitioner has a right, albeit a limited one, to present evidence in his defense at the hearing. Wolff v. McDonnell, 418 U.S. 539, 564–66 (1974); compare Anderson v. Bledsoe, 511 F. App'x 143, (3d Cir. 2012) (per curiam) (petitioner chose not to appear at the hearing and did not present any exculpatory evidence, including a video of the incident.) Petitioner testified that he did not strike his attacker, he only bear-hugged him to stop him from his attack, and they fell to the ground.

There is nothing in the record describing the quality of the video. See Piggie v. Cotton, 344 F.3d 674. 679 (7th Cir. 2003) ("the record here does not demonstrate with any degree of certainty that the tape lacked exculpatory value.") For instance, it may have been dark, grainy or at a bad angle. Petitioner, or a staff representative on his behalf, was deprived of the opportunity to explain how the video supported Petitioner's claims. Under these circumstances, "[m]inimal due process requires that the district court conduct an *in camera*

3

review ... to determine whether or not exculpatory information existed." Id. (quoting Campbell v. Henman, 931 F.2d 1212, 1215 (7th Cir. 1991); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 815 (10th Cir. 2007) ("the Bureau's refusal to produce and review a videotape [that petitioner] asserts would refute charges . . . violated his due process right to present documentary evidence in his own defense.") If Respondent believes *in camera* review of the videotape by this Court unduly threatens institutional safety concerns, they shall explain the safety concerns and propose an alternative relief.

   IT IS therefore on this **9th** day of **November 2015**,

   **ORDERED** that the Clerk of Court reopen this matter; and it is further

   **ORDERED** that Petitioner's motion for reconsideration (ECF No. 18) is GRANTED; and it is further

   **ORDERED** that Respondent submit to this Court, within fourteen days of the date of this Order, either a brief in opposition to *in camera* review for institutional safety concerns, with a proposal for alternative relief or submit to this Court for *in camera* review the CCTV video footage described in the Discipline Hearing Officer Report (ECF No. 6-8 at 3); and it is further

   **ORDERED** that the Clerk shall send a copy of this Order to Petitioner by regular U.S. Mail.

                <u>s/Renée Marie Bumb</u>
                **RENÉE MARIE BUMB**
                **United States District Judge**