**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| Gary Vaughn, | : | |
| | : | Civil Action No. 14-6470(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Warden Jordan Hollingsworth, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

    This matter comes before the Court on Petitioner's motion for reconsideration (ECF Nos. 18, 23) of this Court's October 5, 2015 Opinion and Order dismissing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. On November 9, 2015, this Court granted reconsideration for the purpose of in camera review of videotape footage of the incident upon which Petitioner was disciplined for fighting by loss of good conduct time and other privileges. (ECF No. 20.) For the reasons discussed below, this Court finds that habeas relief of a curative disciplinary hearing is warranted under the unique circumstances of this case.

I. BACKGROUND

Petitioner alleged a due process violation at his prison disciplinary hearing on November 6, 2013, at F.C.I. Elkton, Lisbon, Ohio. (ECF No. 1.) This Court denied habeas relief because the DHO relied on the videotape footage as some evidence that Petitioner was guilty of fighting.[1] (ECF Nos. 15, 16.) As this Court noted in its prior Order, the videotape was the best evidence of the fight. Petitioner asked to see the videotape footage before the hearing, and his request was denied.

Petitioner was not allowed to view the videotape before or during the hearing, and his Case Manager, who had watched the video, was unable to serve as Petitioner's staff representative because he served on the Unit Disciplinary Committee in Petitioner's case. Therefore, upon reconsideration of these unique circumstances, this Court ordered Respondent to submit the videotape for in camera review. (ECF No. 6-8 at 5.)

First, the Court notes that the Incident Report in this matter contained Lieutenant Georgeoff's statement that he watched the videotape and it showed "[b]oth inmates are observed striking each other to the upper and lower torso area." (Id.) Although one might infer the inmates were striking each other in

---

[1] In this case, the medical records cited in the DHO Report do not support a charge that Petitioner fought back when Wilson attacked him. Petitioner also argued the DHO misconstrued, as a confession of guilt, his testimony that he only defended himself against Wilson's attack. Wilson did not testify at the hearing, and there were no witnesses to the fight. The only evidence of the fight was the videotape footage.

the torso from this video, it does not clearly show that. The videotape shows Inmate Wilson duck into Petitioner's cube and attack him. The video is shot from overhead and only the inmates' heads and their arms, when raised above shoulder level, can be seen. The incident is very short, and it is not clear whether Petitioner did more than defend himself against Wilson's attack. Petitioner and Wilson were the only people who were present, and who could explain what was happening in the video.

I. DISCUSSSION

As this Court previously noted, the Third Circuit Court of Appeals, in Pittman v. Bledsoe, held that the DHO's refusal to permit a prisoner to watch a video of the incident that led to his disciplinary sanction did not violate the prisoner's right to due process. 442 F. App'x 639, 641 (3d Cir. 2011) (per curiam). However, unlike here, in Pittman, the prisoner was represented by a staff representative who viewed the videotape prior to the hearing, and declined to present additional argument. Id. at 641, n. 1.

Prisoners have a limited due process right to present documentary evidence at a prison disciplinary hearing where doing so is not unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "While a disciplinary board need not give a reason for the denial of an inmate's request for potentially exculpatory

3

evidence contemporaneously with the hearing, it may later be required to provide reasons, and demonstrate that the 'reasons are logically related to 'institutional safety or correctional goals.'" O'Bryant v. Finch, No. 5:05cv111 (LAC/MD), 2008 WL 291689, at *14 (N.D. Fla. March 12, 2008) (quoting Ponte v. Real, 471 U.S. 491, 497 (1985)). Defendants have not asserted such here.

Where a videotape of the incident upon which an inmate is disciplined with loss of good conduct time is the only evidence supporting the charge of fighting, and the video is potentially exculpatory, due process requires that the petitioner must be allowed to watch the videotape and present argument at the hearing. See Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003); Fernald v. Holt, 446 F. App'x 489, 492 (3d Cir. 2011) (per curiam) ("due process requires that the evidence be produced unless the hearing officer makes an independent determination that the evidence is not relevant") (quoting Burns v. Pennsylvania Dep't of Corr., 642 F.3d 163, 174 n. 11 (3d Cir. 2011)).

After in camera review, this Court has determined that because the videotape footage is so unclear, Petitioner may be able to explain how the video supports his testimony that he only defended himself against attack. See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 815 (10th Cir. 2007) ("the Bureau's

4

refusal to produce and review a videotape [that petitioner] asserts would refute charges . . . violated his due process right to present documentary evidence in his own defense.") Indeed, a reasonable finding upon closer review of the video may be that Vaughn's raising of his arm was only in defense. Under these unique circumstances, Petitioner should have been allowed to view the videotape footage and present argument about the video at the hearing. See Keller v. Cross, 603 F. App'x 488, 491 (7th Cir. 2015) (remanding for district court to determine whether a new prison hearing was required where the petitioner alleged the hearing officer ignored his request to review exculpatory evidence.)

III. CONCLUSION

    For the reasons discussed above, in the accompanying Order filed herewith, the Court will grant habeas relief, and order Respondent to hold a curative disciplinary hearing within thirty days of the date of this Order.

DATED: December 21, 2015

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**